# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| M. LEE ARNOLD, derivatively on behalf of, CHESAPEAKE ENERGY CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-985-M |
| AUBREY K. McCLENDON, et al., | ) ) | |
| Defendants. | ) | |
| JAMES CLEM, derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-997-M |
| AUBREY K. McCLENDON, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiffs M. Lee Arnold and James Clem's Motion to Consolidate Cases and to Appoint a Lead Counsel Structure, filed November 14, 2011. On December 5, 2011, defendant Chesapeake Energy Corporation ("Chesapeake") filed its response, and on December 12, 2011, plaintiffs filed their reply. On December 15, 2011, Chesapeake filed its amended response. Based upon the parties' submissions, the Court makes its determination.

The district court has discretion on whether to consolidate. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Pursuant to Federal Rule of Civil Procedure 42(a), a district court may consolidate separate actions for "for any or all matters at issue in the actions" if the cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Am. Emp'r Ins. Co. v. King*

*Resources Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976).

Here, the above-captioned cases are derivative suits alleging, *inter alia*, breach of fiduciary duties in connection with payments made to of defendant Aubrey McClendon ("McClendon) as part of his 2008 employment compensation. Therefore, the Court finds that said actions should be consolidated as they contain common questions of law and fact relating to McClendon's 2008 employment compensation. Additionally, in light of defendants' failure to address plaintiffs' motion to appoint counsel structure, the Court finds that defendants implicitly concede that the Robbins Firm and the Holzer Firm should be appointed as co-lead counsel and that Holloway, Bethea & Osenbaugh, PPLC should be appointed as liaison counsel. *See* LCvR 7.1(g).

Accordingly, the Court GRANTS plaintiffs' Motion to Consolidate Cases and to Appoint a Lead Counsel Structure [docket no. 23].

**IT IS SO ORDERED this 23rd day of December, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE