**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE CHESAPEAKE ENERGY SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 5:11-cv-00985-M<br><br>Relating to:<br>ALL ACTIONS |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO LIFT STAY

Plaintiffs' Motion to Lift Stay ("Motion") is an egregious exercise in lawyer-manufactured gamesmanship.  Previously, Plaintiffs represented to this Court that their claims are subject to the terms of a settlement entered by an Oklahoma state court (the "Settlement").   They voluntarily agreed to stay their claims until 30 days after the Supreme Court of Oklahoma resolves their appeal of the Settlement (the "Appeal").   And they have admitted that if the Oklahoma Supreme Court confirms the Settlement's validity, their "rights will be extinguished."   These undeniable facts are already part of the established record in this case.

Now, however, with a recent flurry of new, unrelated litigation filed against Defendants, Plaintiffs ask the Court to overlook the record and allow them to "reboot" their case.  They seek to have their 44 page Verified Shareholder Derivative Complaint ("Original Complaint") become a <u>175 page</u> Proposed Consolidated Amended Shareholder Derivative Complaint ("Proposed Amendment").   Importantly to Plaintiffs' counsel, they also ask that their case "proceed in one consolidated action" with the new, unrelated litigation—thereby giving them the lowest case number and control over all the new litigation.   To the extent Plaintiffs' original claims would remain subject to the settlement, no matter:   "Plaintiffs' <u>new</u> claims are distinct and would not be extinguished."  Motion at 19, n. 9 (emphasis added).

Respectfully, Defendants urge the Court to exercise its discretion, rebuke

Plaintiffs' brazen gamesmanship and deny their Motion for four reasons.

First, putting the Court's March 14, 2012 Stay Order to one side, Plaintiffs are barred from prosecuting this case by both the preclusive Settlement and their own stipulated agreement to stay the case.  The stay that Plaintiffs negotiated cannot be lifted at their pleasure, but turns on whether Oklahoma Supreme Court overturns the Settlement barring their claims.  Unless and until the Oklahoma Supreme Court chooses to rebuke the Settlement negotiated between Chesapeake and its shareholders (and affirmed by an Oklahoma district court), Plaintiffs' case—by their own stipulated admission—cannot proceed.

Second, Plaintiffs' Proposed Amendment is anything but an amendment.  It is an entirely new complaint.  Plaintiffs' Original Complaint was 44 pages long, asserted corporate waste claims and alleged that Plaintiffs' litigation demand on Chesapeake's Board of Directors had been improperly refused.  By stark contrast, the Proposed Amendment is 175 pages long, asserts conflict of interest claims and alleges demand was not made on Chesapeake's Board because it would have been "futile."  The federal rules of amendment are liberal, but they are not that liberal.

Third, lifting the stay to allow Plaintiffs to file the Proposed Amendment would be grossly prejudicial to Chesapeake, the party whose interests Plaintiffs purport to represent.  Defendants could have used the Settlement to move for dismissal of Plaintiffs' Original Complaint in April of this year, but because "Plaintiff[s] and Defendants wish[ed] to avoid potentially unnecessary expenditures of corporate and judicial resources pending Plaintiffs' appeal" of the Settlement (see Docket No. 42), Defendants agreed to stay the case.  Now Plaintiffs have reneged on their deal and are wasting the very corporate resources they claim to protect.  Lifting the stay would grossly compound that unnecessary waste.

Fourth, Plaintiffs will suffer no prejudice if their Motion is denied.  There are already a substantial number of derivative lawsuits on file that allege the facts and

circumstances set forth in the Proposed Amendment.  The interests of Chesapeake and its shareholders—including Plaintiffs—are adequately represented without Plaintiffs' maneuvering to take over those lawsuits.

## I.   FACTUAL BACKGROUND

### A.   Plaintiffs Agreed Their Claims Here are Subject to the State Court Settlement and Should be Stayed Pending Its Appeal.

Plaintiffs filed their Original Complaint in this case on September 6, 2011, asserting breach of fiduciary duty claims against Chesapeake's Board for purportedly giving CEO Aubrey McClendon "excessive compensation" for the calendar year 2008. (Docket No. 1).  As Defendants have previously detailed (see Docket No. 27), the Original Complaint's allegations were nearly identical to derivative allegations first filed (by other Chesapeake shareholders) in an Oklahoma district court in 2009.  For two years the state court claims were litigated, and on November 1, 2011—shortly after this case was filed—the Oklahoma district court entered preliminary approval of the Settlement. *Id.*  The Settlement applied to *all* shareholder claims related to Mr. McClendon's compensation, including Plaintiffs' here.  *Id.*  At the time the Settlement was announced, Plaintiffs conceded that if the Settlement was "finally approved, [their] rights [would] be extinguished."  (Docket No. 24, at 10); *see also* Motion at 4 ("the allegations contained in [the Original Complaint] were the subject of a settlement reached between shareholder who brought suit in the State Court . . .").

Plaintiffs falsely asserted that they were unable to participate in the state court settlement process (*see* Docket No. 24, at 4, 6, 10), and attempted to use this forum to disrupt the state court proceedings.  (Docket Nos.  24, 35).  After this Court rejected their gamesmanship, Plaintiffs filed an objection to the Settlement in the Oklahoma district court.  Motion at 5.  The Oklahoma court rejected Plaintiffs' objection and on January 30, 2012, granted the Settlement final approval ("Final Order").  *See* Declaration of Jim Webb in Support of Defendants' Response to Motion to Life Stay ("Webb Decl."), Ex. A.  Plaintiffs appealed the Final Order to the Supreme Court of Oklahoma.  Motion at 5.

On March 6, 2012, after negotiations with Defendants, Plaintiffs stipulated to a Joint Motion to Stay Proceedings in this Court pending resolution of the Appeal.  (Docket 42, Joint Motion to Stay Proceedings ("Joint Motion to Stay"))  In the Joint Motion to Stay, Plaintiffs agreed that:

1. The Final Order "approved the settlement of nearly identical issues" as those presented in the Original Complaint,

2. Staying this case was necessary to "avoid potentially unnecessary expenditures of corporate and judicial resources," and

3. Proceedings in this case should be "stayed until 30 days after the Supreme Court of Oklahoma resolves" the Appeal.

*Id.*  The Court granted the Joint Motion to Stay on March 14, 2012 ("Stay Order").

**B.    Chesapeake Has Recently Been Subject To A Series of New, Unrelated Shareholder Lawsuits.**

On April 18, 2012, Reuters published a news article criticizing Mr. McClendon's personal financial dealings and Chesapeake's disclosures related to same.  On April 19, 2012 the first of several shareholder lawsuits premised on the article began to appear, and over the next several weeks ten lawsuits were filed in this Court asserting breaches of fiduciary duties, potential conflicts of interest and violations of Section 14(a) of the 1934 Exchange Act (the "new derivative suits").  The new derivative suits are as follows:

| Case Name and Number | Date Filed |
|---|---|
| *Deborah G. Mallow IRA SEP Investment Plan v. McClendon, et. al.*, CIV-12-436 | April 19, 2012 |
| *Snyder v. McClendon, et al.*, CIV-12-437 | April 20, 2012 |
| *Dolezal Family Limited Partnership v. McClendon, et al.*, CIV-12-477 | April 29, 2012 |
| *Leonard v. McClendon, et al.*, CIV-12-479 | April 29, 2012 |
| *Showcat v. McClendon, et al.*, CIV-12-488 | May 1, 2012 |
| *David A. Kroll Inc. Employees' Profit-Sharing Plan and Trust v. McClendon, et al.*, CIV -12-493 | May 2, 2012 |

| *Rosengarten v. McClendon, et al.*, CIV-12-505 | May 3, 2012 |
| *Robaczynski v. McClendon, et al.*, CIV-12-501 | May 3, 2012 |
| *Spiegel v. McClendon, et al.*, CIV-12-503 | May 4, 2012 |
| *Alberts v. McClendon*, CIV 12-545 | May 11, 2012 |

**C. Plaintiffs Now Seek to Lift the Stay, Overhaul Their Complaint and Take Control of the New Litigation.**

On May 3, 2012, after a majority of the new derivative suits had been filed, Plaintiffs filed their Motion with the Proposed Amendment attached. The first line of the Motion's introduction specifically references the April 18, 2012 Reuters article, and the Motion later admits that "at least seven new cases have been filed." At 6. The Motion also admits that lifting the stay would enable "Plaintiffs' claims to proceed in one consolidated action." At 15.

In an effort to take command of the new derivative suits, Plaintiffs use the Motion to downplay the importance of their original claims. The Proposed Amendment may "share certain common factual and legal issues" with the Original Complaint, they assert, but the "new claims are distinct and would not be extinguished" if the Oklahoma Supreme Court affirms the Settlement. *Id.* at 19. Plaintiffs further concede the Original Complaint's allegations "are easily separated from Plaintiff's new allegations." At 23.

The Proposed Amendment bears that out. The Original Complaint was 44 pages long and alleged breaches of fiduciary duty and corporate waste against Chesapeake's Board of Directors for granting Mr. McClendon "excessive compensation" in 2008. (Docket No. 1). The Proposed Amendment, by stark contrast, is almost four times longer (175 pages) and alleges nondisclosure and conflict of interest claims related to Mr. McClendon's personal financial activities in the years 2009-12.

The Proposed Amendment also reveals Plaintiffs have completely overhauled (and

utterly confused) the foundation for their purported derivative standing. The Original Complaint alleged that Plaintiffs had derivative standing because they had made litigation demands to Chesapeake's Board that were wrongfully refused. (Docket No. 1, ¶¶ 95-108). Now, the Proposed Amendment alleges that while Plaintiffs' demand on their original allegations was wrongfully refused, demand is <u>excused</u> as to their new allegations. (*Id.* ¶¶ 131-152). Significantly, the Proposed Amendment offers no explanation of how these two materially different positions could be reconciled.

## II.   ARGUMENT

### A.   The Parties Are Barred From Litigating This Action Under the Terms of the Settlement and Plaintiffs' Stipulated Agreement.

Putting to one side this Court's Stay Order, the Settlement itself bars Plaintiffs' continued prosecution of this case. As Chesapeake shareholders, Plaintiffs are parties to the negotiated Settlement and must comply with its terms. In unmistakable language, the Final Order states that Plaintiffs, as Chesapeake shareholders, have "fully, finally and forever released, relinquished and discharged" the claims relating to or arising out of the fact and circumstances alleged in the Original Complaint. *See* Webb Decl. Ex. 1 at ¶ 6. Both Plaintiffs and Defendants are "forever . . . enjoined from prosecuting[] any and all claims, rights, causes of action and liabilities whatsoever . . . to the extent that they arise out of or relate to the subject matter of [the Original Complaint] or the Settlement." (Final Order ¶ 7.)

The bar on further, duplicative litigation is binding and will continue to be so unless and until Final Order is overturned on appeal by the Oklahoma Supreme Court.[1]

---

[1] As the Court has previously recognized, federal courts, based on principles of efficient judicial administration, may stay litigation when similar issues are being concurrently litigated in state courts. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21-22 (1983); *Allen v. Bd. of Educ.*, 68 F.3d 401, 404 (10th Cir. 1995). Staying federal litigation is especially prudent when, among other considerations of judicial efficiency,

Amending the Original Complaint to include unrelated claims does nothing to remove this crucial impediment to lifting the stay.

Further, Plaintiffs themselves specifically agreed to stay this case until such time as the Appeal is decided. The Joint Motion to Stay does not set forth that "Plaintiffs agree that all proceedings in this case shall be stayed until 30 days after the Supreme Court of Oklahoma resolves Plaintiffs' Appeal unless Plaintiffs can come up with some other reason to lift the stay," but explicitly premises the stay on the resolution of the Appeal. Plaintiffs should be held to their stipulated agreement and the stay enforced.

### B. Plaintiffs' Proposed Amendments Are Unrelated to the Subject Matter of This Litigation.

Where an amendment would unfairly affect defendants' rights and defense, it may be denied as prejudicial. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 120 (10th Cir. 2006). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Pointedly, Plaintiffs cannot substitute a new complaint in lieu of their Original Complaint whenever new subjects arise.

As previously discussed, the Proposed Amendment seeks to add over a hundred pages of new allegations that have <u>nothing</u> to do with the Original Complaint. Whereas the Original Complaint alleged breaches of fiduciary duties for corporate waste that occurred exclusively in 2008, the Proposed Amendment alleges conflict of interest and

---

the state court was the first to assume jurisdiction. *Id.* at 403. This is particularly true where substantial progress has been made in the state court action. *Cf. Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21-22 (noting that the federal court should consider not just "which complaint was filed first, but rather . . . how much progress has been made in the two actions."). If, as here, the state action has advanced to the appeals stage, then the reasons for staying federal litigation are even more forceful. *See, e.g., Currie v. Group Ins. Comm'n*, 290 F.3d 1, 11 n.8 (1st Cir. 2002) ("[D]eferral has even more force because the state proceeding is already on appeal on a fully developed record."); *Hearne v. Bd. of Educ.*, 185 F.3d 770, 778 (7th Cir. 1999) (holding that "principles of sound judicial administration" required stay where final state court judgment having preclusive effect on the federal court litigation was on appeal).

nondisclosure claims regarding facts and circumstances that occurred between 2009 and 2012, well after the Original Complaint was even filed.  Further, while the Original Complaint alleged that Plaintiffs had standing because their demand was wrongfully refused (Docket No. 1, ¶¶ 95-108), the Proposed Amendment asserts they did not make demand because it would have been futile.  Proposed Amendment at ¶¶ 131-152.  These are not "amendments," in any sense of the word, but constitute wholesale reinventions.

Plaintiffs agree, noting in their Motion that the Original Complaint's allegations "are easily separated from [their] new allegations."  At 23.  Plaintiffs in the new derivative cases likewise concur, asserting that the Original Complaint "as presently pleaded is un-related" to their new claims.  *See* Webb. Decl. Ex. 2. (email from other plaintiffs' counsel expressing opposition to Motion).  On the basis of this unanimous opinion, Defendants submit the Proposed Amendment should thus be denied as prejudicial and the Stay Order enforced accordingly.

### C.    Lifting the Stay Would Be Highly Prejudicial to Defendants.

When Plaintiffs and Defendants negotiated the Joint Motion to Stay Proceedings, they agreed that the stay would remain in effect until a specific event—the Oklahoma Supreme Court's resolution of Plaintiffs' Appeal.  That event has not occurred, yet Plaintiffs insist that the stay should be lifted because of an entirely different event— recent news reports concerning Mr. McClendon's personal loans.  Plaintiffs' argument is a blatant attempt to renege on their stipulated agreement with Defendants and work around this Court's Stay Order.

Lifting the stay under these circumstances would substantially prejudice Defendants, who agreed to the Joint Motion to Stay Proceedings under the belief that Plaintiffs were acting in good faith and intended to abide by its terms.  Based on this understanding, and in an effort to conserve company resources, Defendants chose not to use the Settlement as the basis for a Motion to Dismiss Plaintiffs' Original Complaint. To change the rules now would be unfair to Defendants, who have refrained from action

in reliance on the terms jointly negotiated.

**D.      Lifting the Stay Will Not Prejudice Plaintiffs Because Their Interests Are Already Fully Represented.**

Plaintiffs' Proposed Amendment is merely an attempt to pile on and take control of the new derivative cases.  As detailed above, there are already ten new derivative cases with allegations identical to those of the Proposed Amendment already pending in Western District of Oklahoma.   Those cases have been brought on behalf of all of Chesapeake's shareholders, including Plaintiffs, and would not benefit from an additional litigant competing to take control.  Plaintiffs' interests are fully represented and there is thus no need for them to amend their claims to match the new litigation.  *See Kamerman v. Steinberg*, 113 F.R.D. 511, 518 (S.D.N.Y. 1986) (noting that shareholders' interests relating to the claims were represented in several other pending actions and thus they would not be left "without an opportunity to vindicate their claims.")

Given that Plaintiffs' interests are represented and Plaintiffs have chosen not to file a separate lawsuit related to Mr. McClendon's personal finances, there is only one reason why Plaintiffs would seek to amend this suit instead: if Plaintiffs' motion is granted and their case is then consolidated with the other derivative cases, it will become the lead case because they will have the lowest case number.  That will mean that his counsel will then have a good argument to be made lead counsel.  But as one federal district court recently pointed out:

> *It is the lead counsel who stands to gain, not the lead plaintiff....*  The "pick me" urgency seems far more likely to come from the lawyers than the parties because, in the real world, people are not so eager to undertake work that someone else will do for them....  The incentives giving rise to the classic "free rider" phenomenon, *i.e.*, the inclination of people to take advantage of a benefit without bearing a commensurate portion of the associated burden, do not evaporate simply because securities are involved.  *They get overridden because securities lawyers are involved, lawyers*

> *who are vying for the chance to take the laboring oar in*
> *litigation and the monetary rewards that go with it.*

*In re Molson Coors Brewing Co. Sec. Litig.*, No. Civ. A. 05-294-KAJ, 2005 WL 3271488, at *6 n.4 (D. Del. Dec. 2, 2005) (decision on motions for appointment of lead plaintiff and approval of selection of lead counsel in federal securities class action) (emphasis added).  The same reasoning applies here.  The interests of Plaintiffs, and the other Chesapeake shareholders, are already properly represented in litigation before this Court.  There is no reason for another securities firm to use this case as a way to toss its hat into the ring, let alone jump ahead of the other firms involved.

The plaintiffs in six of the new derivative cases agree that Plaintiffs' Proposed Amendment will not further the resolution of shareholder derivative claims related to Mr. McClendon's personal finances.   See Webb. Decl. Ex. 2.  Indeed, Plaintiffs themselves have noted the "potentially unnecessary expenditure of corporate and judicial resources" resulting from pursuing parallel litigation in federal court.  *See* Motion at 2.  Now they want to not only return to the very litigation that they previously admitted was wasteful, but to add on additional claims that are also duplicative of several already pending actions.    These  irresponsible  tactics  waste  Chesapeake's  resources  and  reduce shareholder value.

## CONCLUSION

For the reasons stated above, Defendants respectfully request the Court deny Plaintiffs' Motion to Lift the Stay.

Respectfully submitted,

Dated:  May 16, 2012          /s/ *James R. Webb*
                             James R. Webb, OBA #16548
                             Spencer F. Smith, OBA #20430
                             McAfee & Taft A Professional Corporation
                             Tenth Floor, Two Leadership Square
                             211 N. Robinson
                             Oklahoma City, OK  73102
                             Telephone:     (405) 235-9621
                             Facsimile:      (405) 235-0439
                             jim.webb@mcafeetaft.com
                             spencer.smith@mcafeetaft.com

                             -and-

                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                             Robert P. Varian
                             M. Todd Scott
                             The Orrick Building
                             405 Howard Street
                             San Francisco, California  94105-2669
                             Telephone:     (415) 773-5700
                             Facsimile:      (415) 773-5759
                             rvarian@orrick.com
                             tscott@orrick.com

                             *Attorneys For Defendants Aubrey K. McClendon,
                             Richard K. Davidson, V. Burns, Hargis, Frank
                             Keating, Breene M. Kerr, Charles T. Maxwell, Don
                             Nickles, Frederick B. Whittemore, Merrill A. Miller,
                             Jr. and Chesapeake Energy Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to any ECF registrants for this case and mailed via first class mail a copy to non-ECF registrants for this case:

Brian J. Robbins
George C. Aguilar
Jay N. Razzouk
Lauren N. Ochenduszko
Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101

Michael I. Fistel, Jr.
Marshall P. Dees
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA 30338

Kenyatta Bethea
Holloway, Bethea & Osenbaugh, PLLC
3035 N.W. 63rd Street, Suite 102N
Oklahoma City, OK 73116

Don S. Strong
G. Stephen Martin
Strong, Martin & Associates, PLLC
2700 First National Center
120 North Robinson Avenue
Oklahoma City, OK 73102

Lewis S. Kahn
Albert M. Myers
Melinda A. Nicholson
Kahn Swick & Foti, LLC
206 Covington Street
Madison, LA 70447

/s/ *James R. Webb*
James R. Webb