## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT COURT OF OKLAHOMA

| | | |
|---|---|---|
| M. LEE ARNOLD, derivatively on behalf of<br>CHESAPEAKE ENERGY CORPORATION, | )<br>)<br>) | CASE NO. CIV-11-985-M |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| AUBREY K. McCLENDON, *et al.*, | )<br>) | |
| Defendants, | )<br>) | |
| and | )<br>) | |
| CHESAPEAKE ENERGY CORPORATION,<br>an Oklahoma Corporation, | )<br>)<br>) | |
| Nominal Defendant. | )<br>) | |

| | | |
|---|---|---|
| JAMES CLEM, and derivatively on behalf of<br>CHESAPEAKE ENERGY CORPORATION, | )<br>)<br>) | CASE NO. CIV-11-997-M |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| AUBREY K. McCLENDON, *et al.*, | )<br>) | |
| Defendants, | )<br>) | |
| and | )<br>) | |
| CHESAPEAKE ENERGY CORPORATION,<br>an Oklahoma Corporation, | )<br>)<br>) | |
| Nominal Defendant. | )<br>) | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
## OF PLAINTIFF SHOCHAT'S MOTION FOR LEAVE TO INTERVENE

Movant and Proposed-Intervenor Jacob Shochat ("Movant" or "Intervenor Shochat"), respectfully submits this reply memorandum in further support of his Motion for Leave to Intervene and Memorandum of Law in support (the "Intervention Motion").

## INTRODUCTION

Plaintiffs Arnold and Clem's Opposition to Mr. Shochat's motion to intervene is notable chiefly for the fact that it concedes that the intervention should be granted.  The remainder of Plaintiffs' arguments are either wrong as a matter of law or designed simply to reargue the issue of who should be Lead Plaintiff in these derivative lawsuits against Chesapeake's officers and directors, assuming the cases are consolidated.  It is clear that Plaintiffs view the issue of intervention, lifting the Stay, and consolidation as being purely in the service of their attempts to become appointed Lead Plaintiffs on the basis of their old, and settled claims.

## ARGUMENT

Plaintiffs' arguments should be rejected, and Intervention should be granted.

### A.   Plaintiffs Concede the Propriety of Intervention to Present an Opposition to their Lift Stay Motion.

Mr. Shochat seeks intervention purely for purposes of opposing Plaintiffs' motion to lift the Stay.  Yet in opposing this limited intervention, Arnold and Clem address directly the very arguments that Mr. Shochat made in his proposed opposition to the Lift Stay Motion itself.  *See* Opposition to Intervention, at 5-8, 9, 10-13 (all referring to arguments in proposed opposition brief).  Thus, Plaintiffs have conceded that they, in fact, have no principled grounds to oppose intervention.

1

**B.    Plaintiffs Confuse Adequacy of Representation with Impairment of Interest if Intervention Were Denied.**

Plaintiffs seem to argue that if they are adequate representatives, then there can be no basis for Mr. Shochat's intervention.  Opposition to Intervention, at 2-4.  This <u>ignores</u> Rule 24(a) and is contrary to Plaintiffs' own cited cases.  These cases hold that adequacy of representation, for purposes of determining the propriety of intervention, requires that "the objective of the applicant for intervention" to be "identical to that of one of the parties."  Opposition to Intervention, at 2 (citing *City of Stilwell v. Ozarks Rural Elec. Coop.*, 79 F.3d 1038, 1042 (10th Cir. 1996)).  Clearly, here, the objectives of Plaintiffs and Mr. Shochat are not "identical" but <u>diametrically opposed</u>.  Plaintiffs seek to lift the Stay to consolidate the new claims of all shareholders into their stale claims; Mr. Shochat seeks to oppose this unjustified and arbitrary move.

**C.    Plaintiffs' Arguments Concerning the Interrelationship Between Demand Made and Demand Excused Allegations are not Supported.**

Plaintiffs argue that there is no risk to asserting Demand Made and Demand Excused allegations within the same complaint.  Opposition to Intervention, at 5-8.  The crux of their argument is that where new facts become known, a prior demand on a Board of Directors cannot concede the independence of the Board to consider a demand to bring claims based on new facts.  *Id.* at 5-6 (citing *Seibert v. Harper & Row Publishers, Inc.*, 1984 WL 21874, at *3 (Del. Ch. Dec. 5, 1984)).  *Seibert*, however, does not stand for that proposition.  There, the court found that the prior "demand" was not a demand at all, because "its stated purpose was not to demand that specific corrective action be taken,"

2

but simply to request a meeting with the Board.  1984 WL 21874, at *3.  Here, Plaintiffs'

original demands on the Chesapeake Board were, in fact, demands to take corrective

action, and they were refused.  *See* Proposed Amended Complaint, Exhibits 1 & 5

(Arnold's and Clem's original demand letters).  Moreover, Plaintiffs' argument amounts

to the proposition that a shareholder can make a demand on a Board to investigate claims

concerning a CEO's compensation, and then make new claims regarding the same CEO's

compensation, without being found to have conceded the Board's independence with

respect to that issue.

   Finally, Plaintiffs argue that, if anything, their "past demand efforts" offer "a

unique demand futility argument with regard to the New Claims that none of the other

shareholders (including Shochat) assert or can reasonably assert."   Opposition to

Intervention, at 7.   But under Delaware law, there is no argument that <u>prior</u> refused

demands support <u>current</u> demand futility arguments.   It is well-settled that an alleged

failure to take corrective action in response to previous demands is inadequate to

demonstrate demand futility.  *See Lewis v. Graves*, 701 F.2d 245, 249 (2d Cir. 1983)

(applying Delaware law); *Allison v. Gen. Motors Corp*., 604 F. Supp. 1106, 1113 (D. Del.

1985).  Plaintiffs' contention that it would have been futile for them to make a demand

because the Board has previously rejected previous demands is contrary to Delaware law.

Even assuming that the previous demands included the same allegations at issue in the

New Claims (which they do not) it is well-established that a Board's rejection of a prior

demand does not demonstrate futility unless plaintiff can demonstrate that the first refusal

was wrongful.  *In re Merrill Lynch & Co., Inc., Sec., Deriv. and ERISA Litig.*, No. 01
Civ. 9633, 2011 WL 1134708, at *10 (S.D.N.Y. Mar. 28, 2011) (applying Delaware law).

## **CONCLUSION**

For the foregoing reasons, this Court should grant Movant's Motion to Intervene
and allow Movant leave to file the attached *Shochat* Opposition *instanter*.


Date: May 24, 2012                    By:/s/ Don S. Strong

**STRONG, MARTIN & ASSOCIATES, PLLC.**
Don S. Strong, OBA No. 13874
dss@strongmartin.com
G. Stephen Martin, OBA No. 17091
gsm@strongmartin.com
2700 First National Center
120 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 604-7500
Facsimile: (405) 604-7503

**KAHN SWICK & FOTI, LLC**
Lewis S. Kahn (*pro hac vice* application to be filed)
lewis.kahn@ksfcounsel.com
Albert M. Myers (*pro hac vice* application to be filed)
albert.myers@ksfcounsel.com
Melinda A. Nicholson (*pro hac vice* application to be
filed)
melinda.nicholson@ksfcounsel.com
206 Covington Street
Madisonville, Louisiana 70447
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Attorneys for Proposed-Intervenor Jacob Shochat*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have served this filing by first class mail to all counsel of record listed below.

    /s/ Don S. Strong_____
       Don S. Strong

**HOLLOWAY BETHEA & OSENBAUGH PLLC**
Kenyatta R. Bethea
3035 N.W. 63rd Suite, 102N
Oklahoma City, OK 73116

*Liaison Counsel for Plaintiffs*

**ROBBINS UMEDA**
Jay N. Razzouk
Brian J. Robbins
George C. Aguilar
Lauren N. Ochenduszko
600 B Street, Suite 1900
San Diego, CA 92101

*Co-Lead Counsel for Plaintiffs*

**HOLZER HOLZER & FISTEL, LLC**
MARSHALL P. DEES
200 Ashford Center North, Suite 300
Atlanta, GA 30338

*Co-Lead Counsel for Plaintiffs*

**MCAFEE & TAFT, A.P.C.**
James R. Webb
10th Floor, Two Leadership Square

211 North Robinson
Oklahoma City, OK 73102

*Counsel for Defendants*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Robert P. Varian
M. Todd Scott
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

*Counsel for Defendants*

6